IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES CARROLL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-00191-C (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Charles Carroll, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging three Texas state court convictions. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. As explained below, the District Court should dismiss Carroll's petition because he fails to demonstrate he is in custody on two of the challenged convictions and his claims challenging his third conviction are barred by limitations.

I.

Carroll pleaded guilty to aggravated sexual assault in Dallas County, Texas, *see State of Texas v. Charles Carroll*, Case Number F-88-94222-PN, and on May 20, 1988, the trial court sentenced him to fifteen years'

1

imprisonment. He did not file a direct appeal, and his sentence was discharged on May 13, 2003.

Five years later, Carroll pleaded guilty to failing to register as a sex offender. *See State of Texas v. Charles Carroll*, Case Number F-08-57207-Q. On October 10, 2008, the Dallas County District Court sentenced him to five years' imprisonment. Carroll did not file a direct appeal, and his sentence was discharged on September 5, 2013.

Then, in 2015, Carroll pleaded guilty to new charge of failing to register as a sex offender. *See State of Texas v. Charles Carroll*, Case Number F-1475930. On April 29, 2015, the Dallas County District Court sentenced him to ten years' imprisonment. He did not file a direct appeal. However, on October 12, 2017, he filed a state habeas application, which the Texas Court of Criminal Appeals (CCA) denied by written order on June 6, 2018. He also filed a second state habeas application on March 4, 2019, which the CCA dismissed as successive on June 5, 2019. Carroll is still in Texas Department of Criminal Justice (TDCJ) custody on his 2015 conviction.

On December 21, 2019,[1] Carroll filed his federal habeas petition, which the Court liberally construes as attacking all three of his convictions.

---

[1] Carroll's petition is dated December 21, 2019, but it was not file-stamped until January 2, 2020. Pet. 1, 10 ([ECF No. 1](#)). The Court will consider the petition filed as of the earlier date. *See Spotville v. Cain*, 149 F.3d 374, 377

2

See *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (*pro se* documents must be "liberally construed"). Specifically, Carroll argues:

   i. The requirement that he register as a sex offender violates the "Ex Post Facto & Retroactive Laws;"

   ii. His conviction for the substantive offense and for failure to register as a sex offender violated the "Collateral Estoppel Doctrine of Double Jeopardy;"

   iii. His trial attorney provided ineffective assistance of counsel when he

   a. failed to research or investigate the law or history of the "Tex. SORA;" and

   b. failed to raise a viable defense based on Double Jeopardy or illegal enhancement; and

   iv. His Due Process and Equal Protection rights were violated when he was tried twice for failing to register as a sex offender.

Respondent argues the Court should dismiss Carroll's petition with prejudice because his 1988 aggravated sexual assault conviction and his 2008 failure to register conviction have been discharged, and his claims challenging his 2015 failure to register conviction are time-barred.

The issues have been fully briefed, and Carroll's claims are ripe for adjudication.

---

(5th Cir. 1998) (*pro se* habeas petition deemed filed when delivered to prison authorities for mailing).

II.

The Court lacks jurisdiction to address Carroll's claims pertaining to his 1988 aggravated sexual assault conviction and his 2008 failure to register as a sex offender conviction because he does not meet the "in custody" requirement.

A.

A petition for a writ of habeas corpus by a prisoner attacking his state conviction and/or sentence must be brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Pleasant v. State of Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998). A court may only consider a federal habeas petition under § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. 28 U.S.C. § 2254(a); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973); *Emmett v. Director*, 2022 WL 379951, at *2 (N.D. Tex. Jan. 24, 2022), *recomm. adopted* 2022 WL 378198. The "in custody" language contained in § 2254 does not require a petitioner to be in physical custody, but it does require that he demonstrate some additional restriction on his liberty. *See*

*Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) (holding that a petitioner released on his own recognizance pending execution of his sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *see also Jones v. Cunningham*, 371 U.S. 236, 239-240 (1963) (the "in custody" requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general).

There are three considerations for a court when assessing whether a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not imposed on the general public; (2) whether the petitioner's incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether a finding there is no custody simply postpones the habeas case until the petitioner is in jail. *Hensley*, 411 U.S. at 351-53; *see also Spring v. Caldwell*, 692 F.2d 994, 997 (5th Cir. 1982); *Nixon v. Brown*, 2017 WL 4053724, at *2 (N.D. Tex. Sept. 5, 2017), *recomm. adopted* 2017 WL 4005458. A writ of habeas corpus under § 2254 applies to a person who is "in custody" under a state court judgment. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful *custody*." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held '*in custody* in

5

violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (emphasis added); *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (noting that a federal district court does not review the state court judgment but the lawfulness of the petitioner's "custody"); *Brown v. Director*, 2022 WL 509352, at *12 (N.D. Tex. Jan. 28, 2022), *recomm. adopted* 2022 WL 504170.

In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court recognized that it had "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his [habeas] petition is filed." *Id.* at 490 (emphasis in original). After *Maleng*, the Supreme Court decided *Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001), which applied *Maleng*'s principles to a § 2254 case. *Id.* at 394. In *Lackawanna*, the Supreme Court held that once a state conviction is no longer open to direct or collateral attack because the defendant did not pursue those remedies while they were available or did so unsuccessfully, the conviction is presumptively valid, and if the conviction is later used to enhance a criminal sentence, it generally cannot be challenged under § 2254 on the basis that it was unconstitutionally obtained. *Id.* at 403-04. There is an exception to the rule of conclusive validity for enhancement of convictions that were obtained in violation of the right to counsel under the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Lackawanna,*

6

532 U.S. at 404 (setting out the exception for enhanced convictions obtained in violation of *Gideon*).

B.

Carroll is presently confined in TDCJ custody, where he is serving a ten-year sentence on his 2015 conviction for failure to register as a sex offender. Carroll's petition challenges this 2015 conviction, as well as his 1988 conviction for aggravated sexual assault and his 2008 conviction for failure to register as a sex offender. But his fifteen-year sentence on the 1988 conviction was discharged on March 13, 2003, and his five-year sentence for the 2008 conviction was discharged on September 5, 2013. *See* Resp., Ex. B (ECF No. 15-2). Thus, Carroll was not "in custody" under the first two convictions when he filed his petition on December 21, 2019. And there is no indication that the exception under *Gideon* applies here. *See Lackawanna, 532 U.S. at 404*. Carroll argues that his trial attorney provided ineffective assistance of counsel. Pet. 7 (ECF No. 1). Although he does not specify which of his three convictions are affected by this argument, at a minimum, it applies to sex offenses (all three of the convictions at issue are sex offenses) and failure to register as a sex offender charges (two of the convictions at issue involve charges for failure to register as a sex offender).

The Court therefore lacks jurisdiction to address Carroll's claims pertaining to his 1988 and 2008 convictions because he does not meet the "in custody" requirement. *See* 28 U.S.C. § 2254(a) (requiring a prisoner be

"in custody"); *Lackwanna*, 532 U.S. at 40-04; *see also Patron v. Stephens, 2014 WL 3569998, at \*1-2 (N.D. Tex. July 18, 2014)* (dismissing the petition for lack of subject matter jurisdiction where the petitioner was not "in custody" under the conviction and sentence he was challenging at the time his petition was filed) (citing *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995); *Maleng*, 490 U.S. at 492-93)). And because this Court lacks subject matter jurisdiction to consider Carroll's 1988 and 2008 convictions, his claims related to those convictions should be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### III.

Carroll's claims challenging his 2015 conviction for failure to register as a sex offender are time-barred.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, the state court entered judgment on Carroll's 2015 conviction for failure to register as a sex offender

on April 29, 2015. He did not file a direct appeal, and his conviction became final on May 29, 2015, thirty days after the date of his judgment and sentence. *See* Tex. R. App. P. 26.2(a)(1) (including the time limits for properly filing a notice of appeal). Carroll then had one year, until May 30, 2016, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his petition in this Court until December 21, 2019, more than three years after the deadline expired. Carroll's petition is therefore untimely.

Carroll filed state habeas applications on October 12, 2017 and March 4, 2019, but they did not toll his limitations period because they were filed after his sentence was final. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

B.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents

9

sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Carroll's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 1). Carroll responded that "because you cannot set a statute of limitations to a constitutional challenge to a statute. A claim of double jeopardy or of actual innocence under the AEDPA without it violating Federal and Supreme Court laws which is exactly what this case is!" *Id.*

Carroll fails to make any specific argument that his petition is subject to equitable tolling. Moreover, his petition was filed more than three years after the limitations period expired, and he has not shown that he diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must demonstrate (1) he has been

10

diligently pursuing his rights, and (2) an extraordinary circumstance got in his way and prevented a timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Likewise, Carroll has failed to demonstrate that some "extraordinary circumstance" stood in his way. *Id.* And he does not allege that he acted to timely file his petition. *See* Pet. (ECF No. 1). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)). Carroll thus fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips*, 216 F.3d at 511.

C.

Although he does not make a clear actual innocence argument, Carroll does refer to "Actual Innocence" when addressing the timeliness of his petition. Pet. 9 (ECF No. 1). Under a liberal interpretation of his petition, the Court construes Carroll's reference as an argument that he is actually innocent. *See Erickson*, 551 U.S. at 94.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than

11

not that no reasonable juror would have convicted him in light of the new evidence. *Id.*

Carroll's actual innocence argument fails for at least two reasons. First, his bare reference to "Actual Innocence" is vague and conclusory and consists of no real substantive argument. Although *pro se* filings are liberally construed, this does not mean the court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)).

Second, Carroll's actual innocence argument fails because he pleaded guilty, and thus likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

For these reasons, Carroll has failed to show that actual innocence serves as a gateway through which his time-barred petition can pass.

IV.

The District Court should DISMISS Carroll's petition because he fails to demonstrate he is in custody on two of the challenged convictions and his claims challenging his third conviction are barred by limitations..

**SO RECOMMENDED.**

Signed June 22, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).